Campbell, j.
 

 —Concurred.
 

 The witness then proceeded—The cause was opened by Stewart and Wharton for plaintiff, observing that the representation of the plaintiff on the sale of the negro did not appear clearly to have been in the present tense
 
 (2)
 
 and that the contract could not be avoided in toto and cited Esp. N. P. 12 13. 2. Pow. Cont. 137. 147.
 

 By the court to the jury. This case depends principally upon the evidence.
 

 In your view of it, you will carry in mind such principles of the law of contracts, as appear applicable to the case before you. The first principle in a question of this kind, is that mankind in their contracts, should act fairly and openly, conformably to the maxim of morality as well as law, that
 
 suppresio veri or suggestio falsi
 
 in most cases are suffici
 
 *89
 
 ent to avoid contracts, but in this case it seems to the court, that though you may be of opinion there was fraud or imposition used by the plaintiff in the sale of the negro, yet it will not be sufficient to annul the contract entirely, for this purpose it seems necessary that the defendant, should have returned the negro, or made a tender of her, unless that were done,it will still be open or obligatory; but we are of opinion not to the extent of the contract provided the defendant was imposed upon in the sale, but of this you are the judges. If there was, a representation which the plaintiff knew to be false, he should be answerable to the extent of its meaning, or if you should be of opinion that there was not false representation & that the plaintiff contracted for the full price of a sound negro of her description and that the defect was not visible to a man of ordinary prudence, the plaintiff's should be still responsible to the defendant, if he knew of the defect; for if it was not visible, the law of the land, of justice and morality, would require that he should disclose such defect to the defendant—In a word, that the parties to the contract should have an opportunity of knowing the situation of the subject forming the ground of that contract.
 

 In either view of the subject, should you be of opinion, from the evidence that the negro falls short of what she was represented to be, was not such as she appeared, by reason of some invisible defect, known to the plaintiff and not disclosed by him, you will consider the difference in value between the negro as she really was when delivered, and such a one as the defendant supposed he was buying, deduct that sum from the sum intended to be given; and give a verdict for the balance; but on the contrary should you think that there was no false representation nor any invisible defect, but that the negro was what she appeared to be then you will find
 
 a
 
 verdict for the plaintiff for the amount of the sum stipulated to be given.
 

 Verdict for the plaintiff damage seventy dollars.
 

 Two witnesses Scoby and Hollingsworth, were produced to discredit Price, one of the defendants witnesses—one of them declared that he heard Price tell the story before, that it was the same in substance with the account he had now
 
 *90
 
 given on oath, and that he was a man of good character, reputed to be just in his accounts and dealings.
 

 Hollingsworth stated that he had understood there had been some misunderstanding between the plaintiff and Price, but gave Price a good character.
 

 Two other witnesses were produced to controvert the charge of unsoundness in the negro. They declared that they lived near the plaintiff and were frequently at his house during the few months the negro was in his possession, and did not know nor hear that she was subject to fits.
 

 It was moved that the attendance of these four witnesses should not be taxed against the defendant as proving nothing material.
 

 Overton, j.
 

 —thought they ought not to be taxed against the defendant, under the peculiar circumstances of this case. The act of assembly declares that not more than two witnesses to any particular fact, shall be taxed against the party cast. The defendant instead of instituting a suit for damages sustained in consequence of the imposition in the negro, thought proper to introduce a witness to that effect in this action for the purpose of mitigating the damages. In this view of the subject he has succeeded though defendant in the action, and it was to be lamented that the act of assembly would not permit a taxation of all the costs accruing on this ground to the plaintiff. The law however is otherwise and it cannot be done.
 

 If witnesses are produced for either party and upon examination know nothing of the matter in dispute, the party summoning surely should not recover the expense of their attendance; nor should a recovery be made for the attendance of witnesses, whose evidence cannot possibly weigh with a jury.
 

 The evidence of the two first witnesses strikes me in this point of view. So far from impeaching the credit of Price, it would confirm it if impaired. Nor does the testimony of the two last witnesses appear to be much more pertinent for the plaintiff.
 

 Though the negro might not in the presence of either have a fit, such a fit would not be inconsistent
 
 *91
 
 with what they have disclosed. As the testimony of Robertson who swears to the complete knowledge of the plaintiff respecting the unsoundness of the girl, is not impeached, and as the evidence of these two witnesses, does not seem to be so material as to meet the proposition of unsoundness in the girl, their testimony is so light as to deserve no kind of consideration. Upon these grounds he thought, the plaintiff, who summoned should pay for the attendance of these four witnesses, and not be permitted to tax their attendance against the defendant.
 

 White, j. & Campbell, j.
 

 said they were of opinion, that the expence of these four witnesses should follow the event of the suit, and be taxed, against the defendant. The rule respecting the introduction of witnesses to the credit of others, did not appear to fall entirely within the provision that no more than two witnesses to a single fact should be allowed. These witnesses gave testimony which appeared to be relevant. The jury were the proper judges of credibility, and whether they did or did not believe them, ought not to affect the matter of costs.
 

 (2)
 

 Esp. NP 631.